(No. 4446-

WORTH BISHOP, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 13, 1953.*

DUNN AND HAYES, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, Worth Bishop, seeks to recover damages from respondent for the negligent operation of a truck, which was engaged in keeping snow and ice off of State Route No. 47 in Livingston County.

The accident involved herein occurred on November 22, 1950. Claimant suffered minor personal injuries, but his automobile was demolished.

Claimant was a sailor in the United States Navy stationed at Great Lakes, and on the afternoon of November 22, 1950 at approximately 4:30 P.M. he, accompanied by his wife, and another sailor by the name of William D. Jones, left their home in Waukegan driving to Mt. Zion, Illinois, near Decatur, for the purpose of spending Thanksgiving with their families. Shortly before the accident they stopped at a drug store in Dwight, Illinois for sandwiches and milk shakes. Prior to this time the weather had been good, and the pavement clear, but after leaving Dwight they ran into fog, slight snow flurries, and icy patches on the pavement. At this time claimant was driving, his wife was in the center, and Jones on the right side of the front seat. They drove south on Illinois Route No. 47, and, when about 10 or 12 miles south of Dwight, the accident occurred.

The evidence in the case consisted of the testimony of claimant, Worth Bishop, his wife, Madalyn Bishop, Lloyd Doran, Asa J. Edwards, Blaine Righter and Ethel McCreery.

Claimant testified that he was driving south on Illinois Route No. 47 on the west side of the highway at a speed of 35 to 40 miles per hour; that the pavement was icy in spots, visibility was somewhat poor, and that he had his lights on dim in order to see better in the fog; that when they reached a point approximately 10 or 12 miles south of Dwight he saw a truck stopped or parked on the highway, and he immediately applied his brakes, and swerved to the left, but the right front of his car struck the left rear of the truck. He further testified that there were no lights burning on the truck, and no flares or warning signals out guarding against possible danger; that the truck was a State Highway

maintenance truck in charge of Asa Edwards and Lloyd Doran, and that he had a conversation with Edwards, in which he stated that the flare lights were not burning. He testified that the car was a 1947 Oldsmobile club coupe, which he had purchased in October of 1950 for $1,125.00, and that after the accident he sold the car to the auto wreckers for $227.50. Claimant also testified to the injuries received in the accident, and at the time of trial had a small scar on his head, mostly covered by hair, and not too visible at the time of the hearing. He further testified that he was a patient at the Veterans Hospital at Dwight, Illinois for six days, and was later attended by doctors at Great Lakes. He had additional expenses of $15.00 for towing, cleaning bills to car and clothing of $15.00, transportation charges back to Waukegan, loss of his suit, which he valued at $60.00, and other charges for transportation after returning to his home. At the time of the hearing he had made a good recovery from his injuries, and, other than the slight scar, bore no effects of any injuries.

Claimant's wife testified substantially the same as her husband, and said she saw no lights on the truck prior to the accident, or after the accident. She also testified as to a conversation with one of the State employees.

The testimony of Blaine Righter consisted of the fact that he operated a service station a short distance north of the scene of the accident, and that the State employees had stopped there for cigarettes a short time before the accident. He knew nothing about the accident, except that, after closing the service station, he heard a car pass, and then later heard the collision.

Asa J. Edwards, the highway employee in charge of the State truck, testified that they were out cindering

the highway that night, and that they were driving south on Route No. 47 returning to Forrest, Illinois; that they had stopped at the filling station just north of the I.C. tracks, and, after leaving the filling station, and approaching the tracks, began cindering the highway, which was slippery; that at that time something happened to the truck motor, and they got out of the truck to repair same, and it was at this time that the truck was struck by the car. Edwards testified that there were lights on the rear of the truck, and that a flare was burning both before and after the accident.

Lloyd Doran, a highway section helper, testified that, while they were cindering near the I. C. tracks at a point about two miles north of Saunemin, the motor on the truck failed, and that he and Edwards got out of the truck, and attempted to repair same. There was some dispute as to how long they had stopped, and he stated that it was about 3 or 4 minutes, and he further testified that the flash lights on the truck were not burning, although they did have lights.

Ethel McCreery, a registered nurse, testified that she lived in Fairbury, Illinois, and that on the night in question she was returning from Joliet, Illinois to her home; that at a point about 5 miles north of the scene of the accident she pulled up behind the State truck, and almost hit same, because there were no lights burning on the truck, and, that because of her inability to pass, because of an approaching car, she was forced into the ditch; that a passing motorist took her to Saunemin, where they secured the services of a wrecker, which pulled her car from the ditch; that she then proceeded on south on Route No. 47, and, at a short distance south of her mishap, she came upon the scene of the accident; that the truck at that time did not have lights burning,

but that the lights of the car were burning. She also stated that the night was foggy, and the road slippery.

In weighing the evidence in this case, we have been greatly impressed by the testimony of witness McCreery. Her testimony was that of a wholly disinterested person. However, we can not say the same for the testimony of Doran and Edwards. In the testimony of each were discrepancies and inconsistencies that, in our opinion, seriously weaken the probative force of their testimony on the disputed and crucial facts. There is no doubt in our minds that there had been trouble with the lights on the truck, that the battery was weak, and, that when the motor stalled, and Edwards tried to use the starter, the lights, if any were operating, were wholly inadequate for the time, place and position of the truck.

We, therefore, conclude that respondent was negligent in failing to have lights and flares working, and in use, and that claimant is entitled to an award.

The damages to claimant's automobile amounted to $900.00, and he was out-of-pocket approximately another $100.00 for miscellaneous expenses. His injuries were not serious, but were painful, and fortunately not disfiguring. We believe an allowance of $750.00 for his personal injuries would be reasonable. Claimant's total damages amount to $1,750.00.

An award is entered in favor of claimant, Worth Bishop, for $1,750.00.